UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY LYNEM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00138-JPH-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTIONS TO AMEND PETITION AND TO APPOINT COUNSEL, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Terry Lynem was convicted of robbery and related charges in Marion County, Indiana, in 2009. Mr. Lynem now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred. Dkt. 11. Mr. Lynem has responded. Dkt. 13. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [11], is **granted,** and Mr. Lynem's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court **denies** Mr. Lynem's motions to amend his petition, dkt. [9], and for the appointment of counsel, dkt. [10], and finds that a certificate of appealability should not issue.

**I. Background**

After a jury trial, Mr. Lynem was sentenced to 89 years in the Indiana Department of Correction. The Indiana Court of Appeals affirmed Mr. Lynem's convictions and sentence on December 17, 2009. *Lynem v. State*, 918 N.E.2d 467 (Ind. Ct. App. 2009). The Indiana Supreme Court denied transfer on February 18, 2010. Dkt. 11-2.

1

Mr. Lynem filed his state petition for post-conviction relief on December 10, 2012. Dkt. 11-7. The trial court and Indiana Court of Appeals denied relief. *Id*.; *Lynem v. State*, 129 N.E.3d 828 (Ind. Ct. App. 2019). The Indiana Supreme Court denied Mr. Lynem's petition to transfer on January 9, 2020. Dkt. 11-7.

On March 10, 2020, Mr. Lynem filed the instant petition for a writ of habeas corpus seeking federal collateral review of his conviction. Dkt. 2.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).  In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Mr. Lynem's conviction and sentence became final when the time to seek certiorari in the United States Supreme Court expired following his direct appeal. 28 U.S.C. §2244(d)(1)(A). Because the Indiana Supreme Court denied his petition for transfer on February 18, 2010, the time to seek certiorari expired ninety days later on May 19, 2010. *See* Rule 13, Rules of the Supreme

Court of the United States. His conviction became final on that date. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012).

The one-year period of limitation expired on May 19, 2011. Although the limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), the limitations period had already expired by the time Mr. Lynem filed his state petition for post-conviction relief on December 10, 2012.

Mr. Lynem argues that he hired counsel to pursue a state petition for post-conviction relief on March 11, 2010. He produces the state court docket in his direct appeal which shows that counsel requested the record and transcript on April 22, 2010. The court granted the motion and sent counsel the record and transcript on May 6, 2010. Counsel returned the records to the state court on July 28, 2010. Dkt. 13 at 6; dkt. 13-1; dkt. 2-1 at 3-4. This activity by Mr. Lynem's counsel did not toll the one-year limitations period because no 'properly filed' application for state postconviction relief was pending at that time. *See Day*, 547 U.S. at 201 (quoting 28 U.S.C. § 2244(d)(2)).

These facts do not entitle Mr. Lynem to equitable tolling either. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

The state appellate court released the requested records in approximately two weeks. The records were released to Mr. Lynem's counsel before Mr. Lynem's conviction was even final. His incorrect belief that his counsel's efforts to secure the record tolled his limitations period does not entitle him to equitable tolling. "[I]t is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling." *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014). Mr. Lynem has not shown that he pursued his rights diligently or that any extraordinary circumstance stood in his way of filing a timely federal habeas petition.

## IV. Conclusion and Other Pending Motions

Mr. Lynem has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [11], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

Because the Court has determined that Mr. Lynem's petition is time-barred, his motion to amend his petition, dkt. [9], is **denied**. Furthermore, his motion for the appointment of counsel, dkt. [10], is **denied**. It is not in the interests of justice to appoint counsel in this case because the petition is clearly time-barred. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). Although the petitioner ably

4

advanced his arguments for equitable tolling, they did not entitle him to relief. The appointment of counsel would not alter the fact that the petition is time-barred.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Lynem's petition was filed beyond the expiration of the one-year statutory limitations period and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**SO ORDERED**.

Date: 6/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY LYNEM
167791
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov